# Exhibit C

**Sale Notice
(Mailing Version)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | **Chapter 11** |
| ) | |
| **Böwe Systec, Inc., et al.,**[1] ) | Case No.: 11-_____ ( ) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

## NOTICE OF SALE OF CERTAIN ASSETS FREE AND CLEAR
## OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

1. Pursuant to the *Order (A) Approving Bidding Procedures, and (B) Approving the Form and Manner of Notices Thereof* (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on _____, 2011, the above captioned debtors and debtors in possession (collectively, the "Debtors") are selling substantially all of their assets (the "Acquired Assets") related to the Debtors' business free and clear of all Liens, Claims and Interests to the fullest extent allowable under the Bankruptcy Code and assuming and assigning certain executory contracts and unexpired leases.[2]

2. All documents filed with the Bankruptcy Court in connection with these chapter 11 cases and the proposed Sale, including the Bidding Procedures Order, the terms and conditions of the proposed Sale and the date, time and place of the Auction, are available by accessing the Court's docket, https://ecf.deb.uscourts.gov, or by calling the Debtors' claims and noticing agent, The Garden City Group, Inc. at 1-800-327-3664.

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Böwe Systec, Inc. (1423), Böwe Bell + Howell Holdings, Inc. (9926), BBH, Inc. (9928), Böwe Bell + Howell Company (0100), Böwe Bell + Howell Postal Systems Company (4944), BCC Software, Inc. (3481) and Böwe Bell + Howell International Ltd. (0001). The debtors' corporate offices are located at 760 S. Wolf Road, Wheeling, IL 60090.

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the bidding procedures approved as part of the Bidding Procedures Order.

3.  Any entity that wishes to participate in the Bidding Process must deliver (unless previously delivered) the materials set forth below (the "Required Bid Materials") to the Debtors at the following addresses: (i) the Debtors, Bowe Bell + Howell Holdings, Inc., 760 S. Wolf Road, Wheeling, Illinois 60090 (Attn: Oliver Bialowons); (ii) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Michael J. Merchant, Esq.); (iii) investment banker to the Debtors, Lazard Middle Markets, 11 West 42nd Street, New York, New York 10036 (Attn: Andrew Torgove); (iv) counsel to the Purchasers, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: David L. Eaton and James A. Stempel) (provided, however, that confidential information with respect to financing sources need not be provided to the Purchasers); and (vi) counsel to the Creditors Committee [ ], (Attn: [ ] Esq.), not later than 5:00 p.m. (prevailing Eastern Time) on **[DATE]**, 2011 (the "Bid Deadline"). The Required Bid Materials shall include:

(a) Bid Deposit. The cash deposit in the amount of $5,000,000 (the "Bid Deposit") by wire transfer, certified or cashier's check, which amount shall be paid to or deposited with an escrow agent to be held pursuant to an escrow agreement to be entered into by such Bidder, the Debtors and such escrow agent;

(b) Minimum Bid Amount. Any Qualifying Bid (other than the Stalking Horse Agreement) at the Auction must be higher and better than the offer of the Purchasers under the Stalking Horse Agreement and that is not less than the sum of (A) the Credit Bid Amount, the Canadian Cash Bid Amount and the Cure Amounts in cash; (B) the dollar value of the Break-Up Fee in cash; (C) the dollar value of the Expense Reimbursement in cash; and (D) $250,000 in cash (the "Minimum Bid Amount"), and must provide for the immediate payment of the Break-Up Fee and Expense Reimbursement to the Purchasers from the first proceeds of the cash portion of the purchase price of such Bid;

(c) Acquired Assets. Any Qualifying Bid must seek to acquire substantially all of the Acquired Assets;

RLF1 3980128v. 1

(d) <u>Identification of Executory Contracts and Unexpired Real Property Leases</u>. The Bid shall identify with particularity the Debtors' executory contracts and unexpired leases with respect to which the Bidder seeks to receive an assignment and any designation rights;

(e) <u>Confidentiality Agreement</u>: Prior to receipt by a Bidder of any information (including business and financial information and access to representatives of the Debtors) from the Debtors, each Bidder will be required to execute a confidentiality agreement on terms and conditions no less favorable than those set forth in the confidentiality agreement executed by the Purchasers in connection with the Sale;

(f) <u>Same or Better Terms</u>: The Bid must be on terms that, in the Debtors' business judgment and with the Purchasers' approval, are substantially the same or better than the terms of the Stalking Horse Agreement. A Bid must include executed transaction documents (the "<u>Competing Transaction Documents</u>") pursuant to which the Bidder proposes to effectuate a competing transaction (a "<u>Competing Transaction</u>"). A Bid shall include a copy of the Stalking Horse Agreement marked to show all changes requested by the Bidder (including those related to the Purchase Price);

(g) <u>Corporate Authority</u>: Written evidence reasonably acceptable to the Debtors demonstrating appropriate corporate authorization to consummate the proposed Competing Transaction; <u>provided</u> that if the Bidder is an entity specially formed for the purpose of effectuating the Competing Transaction, then the Bidder must furnish written evidence reasonably acceptable to the Debtors and the Purchasers of the approval of the Competing Transaction by the equity holder(s) of such Bidder;

(h) <u>Adequate Assurance Information</u>. A Bid (other than the Stalking Horse Agreement) shall include sufficient financial or other information (the "<u>Adequate Assurance Information</u>") to establish adequate assurance of future performance with respect to any lease or contract to be assumed and assigned to the Bidder in connection with the proposed transaction and the Bidder's agreement that such Adequate Assurance Information can be faxed or emailed to any counterparties to such contracts or leases (or their counsel) within 24 hours of submission of the Bid; provided, however, that the counterparties to such contracts and leases must keep any information marked in the Adequate Information as confidential (the "<u>Confidential Information</u>") provided that the Confidential Information may be referred to and quoted in any hearing before the Bankruptcy Court held to consider the assumption and assignment of such contract or lease and further provided, however, that to the extent that any party desires to introduce the Confidential Information as an exhibit at any hearing, such party shall request that the Bankruptcy Court treat the Confidential Information as confidential, unless the Debtors and the applicable Bidder

3

have agreed that such confidential treatment by the Bankruptcy Court is not necessary. The Bid shall also identify a contact person (with relevant contact information) that counterparties to any lease or contract can contact to obtain additional Adequate Assurance Information;

(i) Proof of Financial Ability to Perform: A Bid must provide written evidence that the Debtors reasonably conclude demonstrates that the Bidder has the necessary financial ability to close the Competing Transaction and provide adequate assurance of future performance under all Acquired Contracts to be assumed and assigned in the Competing Transaction. Such information should include, among other things, the following:

    (i) contact names and telephone numbers for verification of financing sources;

    (ii) evidence of the Bidder's internal resources and proof of any debt or equity funding commitments that are needed to close the Competing Transaction;

    (iii) the Bidder's current financial statements (audited if they exist); and

    (iv) any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtors demonstrating that such Bidder has the ability to close the Competing Transaction;

(j) Identity: All Bids must fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such Bid and the complete terms of any such participation;

(k) Contingencies: A Bid may not be conditioned on (i) obtaining financing or any internal approval or (ii) on the outcome or review of due diligence;

(l) No Fees: A Bid made by any Bidder other than the Purchasers must disclaim any right of the Bidder to receive a fee analogous to the Break-Up Fee and the Expense Reimbursement or to compensation under section 503(b) of the Bankruptcy Code for making a substantial contribution;

(m) Irrevocable: A Bid made by any Bidder other than the Purchasers must be irrevocable through the Auction; provided that if such Bid is accepted as the Highest and Best Bid or the Backup Bid (as defined herein), such Bid shall continue to remain irrevocable, subject to the terms and conditions of the Bidding Procedures; and

(n) Bid Deadline: Any Bid must be transmitted via email (in .pdf or similar format) to: (i) the Debtors, Böwe Bell + Howell Holdings, Inc., 760 S.

4

Wolf Road, Wheeling, Illinois 60090 (Attn: Oliver Bialowons); (ii) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Michael J. Merchant, Esq.); (iii) investment banker to the Debtors, Lazard Middle Markets, 11 West 42nd Street, New York, New York 10036 (Attn: Andrew Torgove); (iv) counsel to the Purchasers, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: David L. Eaton and James A. Stempel) (provided, however, that confidential information with respect to financing sources need not be provided to the Purchasers); and (v) counsel to the Creditors Committee [ ], (Attn: [ ] Esq.), not later than 5:00 p.m. (prevailing Eastern Time) on **[DATE]**, 2011 (the "Bid Deadline").

4. If a Qualified Bid, other than that submitted by the Purchasers, has been received by the Debtors, the Debtors may conduct an auction (the "Auction") with respect to all or some of the Assets. The Auction shall be conducted at the offices of Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 at 10:00 a.m. (prevailing Eastern Time) on **[DATE]**, 2011, or such other place and time as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids and expressed their intent to participate in the Auction as set forth above.

5. A hearing to approve the Sale (the "Sale Hearing") to the Highest and Best Bidder will be held at __:__ _.m. (prevailing Eastern Time) on **[DATE]** unless otherwise continued pursuant to the terms of the Bidding Procedures. The Sale Hearing will be held before the Honorable [INSERT], United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, ____ Floor, Courtroom ___, Wilmington, Delaware 19801. Objections, if any, to any Sale must be filed by _____ __, 2011 at 4:00 p.m. (prevailing Eastern Time) (the "Sale Objection Deadline"). At the same time, you must also serve a copy of the objection, so as to be received by the Sale Objection Deadline, on: (i) the Debtors' counsel, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Michael J. Merchant, Esq.); (ii)

the Debtors, Böwe Bell + Howell Holdings, Inc., 760 S. Wolf Road, Wheeling, Illinois 60090 (Attn: Oliver Bialowons); (iii) the counsel for the Official Committee of Unsecured Creditors, _____ (Attn: _____); (iv) counsel to the Purchasers, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: David L. Eaton and James A. Stempel); and (v) all other parties that have requested notice in these cases.

6. IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: _____, 2011
Wilmington, Delaware

    Mark D. Collins (No. 2981)
    Michael J. Merchant (No. 3854)
    Drew G. Sloan (No. 5069)
    RICHARDS, LAYTON & FINGER, P.A.
    One Rodney Square
    920 North King Street
    Wilmington, Delaware 19801
    Telephone: (302) 651-7700
    Facsimile: (302) 651-7701

    *Proposed Attorneys for Debtors and Debtors in Possession*