

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Böwe Systec, Inc., et al.,[1] ) | Case No. 11-11187 (PJW) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Re: Docket No. 7 |

## ORDER (A) AUTHORIZING DEBTORS TO CONTINUE PREPETITION INSURANCE COVERAGE AND (B) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to continue insurance coverage entered into prepetition and (b) authorizing and directing banks and other financial institutions to receive, process, honor and pay checks presented for payment and electronic payment requests related thereto; and upon the *Declaration of Michael Wilhelm in Support of First Day Motions* and the *Declaration of Oliver Bialowons in Support of First Day Motions*; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that failure to grant the relief requested in the Motion immediately will cause immediate and irreparable harm to the Debtors; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that venue of this proceeding and this Motion in this District is proper

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Böwe Systec, Inc. (1423), Böwe Bell + Howell Holdings, Inc. (9926), BBH, Inc. (9928), Böwe Bell + Howell Company (0100), Böwe Bell + Howell Postal Systems Company (4944), BCC Software, Inc. (3481) and Böwe Bell + Howell International Ltd. (0001). The debtors' corporate offices are located at 760 S. Wolf Road, Wheeling, IL 60090.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Debtors are authorized to (i) continue in place, and honor the terms of, the Debtors' insurance policies (collectively, the "Policies"), including the payment of prepetition claims in respect of such Policies in an aggregate amount not to exceed $700,000 absent further order of the Court, (ii) renew existing Policies in the ordinary course of its business and pay reasonable Broker fees in connection therewith, and (iii) enter into new insurance policies in the ordinary course of its business and pay reasonable Broker fees in connection therewith.

3. All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor and pay any and all checks evidencing amounts paid by the Debtors pursuant to this Order, whether presented prior to or after the Petition Date.

4. Each of the Debtors' Cash Management Banks are authorized, subject to the terms of this Order, to debit the Debtors' accounts in the ordinary course of business on account of the relief requested in the Motion without the need for further order of the Court for: (i) all checks drawn on the Debtors' accounts that are cashed at such Cash Management Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of the Debtors' accounts with such Cash Management Banks prior to the Petition Date that have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts

2

outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the cash management systems.

5. Any Cash Management Bank may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and such Cash Management Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

8. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any budget in connection therewith and any order regarding the use of cash collateral.

10. Nothing in the Motion or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission of the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

3
RLF1 3985972v. 1

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 20, 2011
      Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

RLF1 3985972v. 1