**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Böwe Systec, Inc., et al.,[1] ) | Case No. 11-11187 (PJW) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Re: Docket No. 13 |

## ORDER CONFIRMING THE ADMINISTRATIVE EXPENSE PRIORITY STATUS OF THE DEBTORS' UNDISPUTED OBLIGATIONS FOR THE POSTPETITION DELIVERY OF GOODS AND SERVICES

This matter coming before the Court on the *Debtors' Motion for Entry of an Order Confirming the Administrative Priority Status of the Debtors' Undisputed Obligations for the Postpetition Delivery of Goods and Services* (the "Motion"),[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day Declarations and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Motion is necessary and essential for the Debtors' sale or

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Böwe Systec, Inc. (1423), Böwe Bell + Howell Holdings, Inc. (9926), BBH, Inc. (9928), Böwe Bell + Howell Company (0100), Böwe Bell + Howell Postal Systems Company (4944), BCC Software, Inc. (3481) and Böwe Bell + Howell International Ltd. (0001). The debtors' corporate offices are located at 760 S. Wolf Road, Wheeling, IL 60090.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors' undisputed obligations to the Suppliers under Outstanding Orders arising from (i) shipments of goods delivered to and accepted by the Debtors following the commencement of the Chapter 11 Cases and (ii) provision of services to the Debtors following the commencement of the Chapter 11 Cases at the Debtors' request are hereby granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

3. Nothing in this Order shall authorize the Debtors to pay any amount to the Suppliers for goods received or services performed where title to the underlying goods was transferred to the Debtors prior to the Petition Date.

4. Nothing in the Motion or this Order, nor the Debtors' implementation of the relief granted in this Order: (i) shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Suppliers, including the Debtors' rights to (a) cancel a purchase order (including any Outstanding Order), (b) decline the acceptance of goods and services, (c) return any defective, nonconforming or unacceptable good or (d) contest the amount of any invoice or claim on any grounds; or (ii) may be construed to (x) be a promise or guarantee of payment of any claim or group of claims or (y) modify, create or expand any rights of the Suppliers under the Bankruptcy Code or otherwise.

5. Notwithstanding anything to the contrary contained herein, (i) any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order approving debtor-in-possession financing (a "DIP Order"), and (ii) any

2

claim for which payment is authorized pursuant to this Order that is treated as an administrative expense of the Debtors' estates shall be and is subject and subordinate to any and all claims, liens, security interests and priorities granted to the DIP Facility Lenders (as defined in the DIP Order) in accordance with and subject to the terms of the applicable DIP Order, and payment on any such claim shall be subject to any and all restrictions on payments in the DIP Order and any other order of the Court authorizing the Debtors' use of cash collateral.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 20, 2011
Wilmington, Delaware

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

RLF1 3986007v. 1