
ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Böwe Systec, Inc., et al.,[1] | Case No. 11-11187 (PJW) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 14 |

## ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO PAY CERTAIN PREPETITION (I) WAGES, SALARIES, BONUSES AND OTHER COMPENSATION, (II) REIMBURSABLE EMPLOYEE EXPENSES, AND (III) EMPLOYEE MEDICAL AND SIMILAR BENEFITS; AND (B) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (the "Order") (a) authorizing, but not directing, the Debtors to pay in the ordinary course of business certain prepetition (i) wages, salaries and other compensation, (ii) reimbursable employee expenses, and (iii) employee benefits; and (b) authorizing and directing financial institutions to receive, process, honor and pay all checks presented for payment and electronic payment requests relating thereto; and upon the First Day Declarations; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that failure to grant the relief requested in the Motion immediately will cause immediate and irreparable harm to the Debtors; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C.

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Böwe Systec, Inc. (1423), Böwe Bell + Howell Holdings, Inc. (9926), BBH, Inc. (9928), Böwe Bell + Howell Company (0100), Böwe Bell + Howell Postal Systems Company (4944), BCC Software, Inc. (3481) and Böwe Bell + Howell International Ltd. (0001). The debtors' corporate offices are located at 760 S. Wolf Road, Wheeling, IL 60090.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

§§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and it appearing that venue of this proceeding and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED to the extent provided herein.

2. Subject to the requirements of sections 507(a)(4) and (a)(5) and pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not required, to satisfy all prepetition Employee obligations without further order of the Court, including, without limitation, amounts related to amounts owed to Independent Contractors, Payroll Taxes, Reimbursable Expenses, including CRS and the Leased Car Program, Payroll Administrative Expenses, Health Plans, Savings and Retirement Plans, Severance, Voluntary Programs, the Insurance Plans, Benefits Express, and the Vacation Time, including all costs related thereto. Amounts paid pursuant to this Motion shall not exceed $3,700,000 in the aggregate absent further order of the Court.

3. The Debtors shall be authorized to replenish amounts held in escrow by Employees with respect to advanced amounts for travel expense reimbursement ("Travel Expense Advance Escrow") in an aggregate amount not to exceed $180,000 absent order of the Court. Final approval of authority to replenish the Travel Expense Advance Escrow as necessary for the duration of the Chapter 11 Cases shall be considered by the Court at the hearing to be held at 9:30 a.m. on May 12, 2011 (the "Final Hearing").

4. The Debtors are authorized, but not obligated or directed, to continue to make severance payments to five (5) former employees in amounts not to exceed those provided in section 507(a)(4) of the Bankruptcy Code for each former employee. Final approval of authority to (i) make payments to these former employees in excess of $11,725 per former employee and (ii) continue the Severance Programs with respect to current Employees that may cease to be employed by the Debtors during the pendency of these Chapter 11 Cases shall be considered by the Court at the Final Hearing.

5. The Debtors are authorized, but not required, to continue to honor all practices, programs, and policies with respect to the Employees as such practices, programs, and policies were in effect as of the date on which the Chapter 11 Cases were commenced and as may be modified in the ordinary course of the Debtors' business, including, but not limited to, the Employee Benefit Programs.

6. The Debtors are authorized, but not required, to pay costs and expenses incidental to the payment of the Employee Wages and Benefits, including all administration and processing costs and payments to outside professionals, in the ordinary course of business, in order to facilitate the administration and maintenance of the Debtors' programs and policies related to the Employee Wages and Benefits.

7. In the event that the Corporate Credit Cards are cancelled post-petition, the Debtors are authorized, but not required, to continue to replenish the prepetition advances for expense reimbursement.

8. Notwithstanding any other provision of this Order, no payments to any individual Employee shall exceed the amounts set forth in 11 U.S.C. §§ 507(a)(4) and 507(a)(5).

RLF1 3986013v. 1

9. Notwithstanding any other provision of this Order, no payment which violates or implicates section 503(c) of the Bankruptcy Code shall be made, except upon further order of this Court.

10. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in respect of prepetition amounts owed to the Employees that are dishonored as a consequence of these Chapter 11 Cases and to the extent such prepetition amounts are authorized to be paid pursuant to this Order.

11. All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor and pay any and all checks evidencing amounts paid by the Debtors pursuant to the Motion, whether presented prior to or after the Petition Date.

12. Each of the Debtors' Cash Management Banks are authorized, subject to the terms of this Order, to debit the Debtors' accounts in the ordinary course of business on account of the relief requested in the Motion without the need for further order of the Court for: (i) all checks drawn on the Debtors' accounts that are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of the Debtors' accounts with such Cash Management Bank prior to the Petition Date that have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the cash management systems.

13. Any Cash Management Bank may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and such Cash Management Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

14. The requirements set forth in Rule 6003(b) of the Bankruptcy Rules are satisfied by the contents of the Motion.

15. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, any budget in connection therewith and any order regarding the use of cash collateral.

16. Nothing in the Motion or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any claim, or (c) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

17. The Debtors are authorized and directed to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 20, 2011
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

RLF1 3986013v. 1