# EXHIBIT C

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Böwe Systec, Inc., et al.,**[1] | ) | **Case No. 11-11187 (PJW)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |
| | ) | |
| | ) | Re: Docket No. ___ |

## ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF LAZARD MIDDLE MARKET LLC AS INVESTMENT BANKER TO THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE *NUNC PRO TUNC* TO THE PETITION DATE, AND (II) WAIVING CERTAIN REPORTING REQUIREMENTS PURSUANT TO DELAWARE LOCAL RULE 2016-2(G)

Upon the application (the "Application") of the Debtors[2] for an order authorizing the retention and employment of Lazard Middle Market LLC ("LMM") as investment banker to the Debtors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code; and upon the *Torgove Declaration*; the Court having reviewed the Application; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) notice of the Application is sufficient under the circumstances and no further notice is required; and the Court having determined that the legal and factual basis set forth in the Application establish just cause for the relief granted herein and the Court having determined that the relief sought in the Application is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Böwe Systec, Inc. (1423), Böwe Bell + Howell Holdings, Inc. (9926), BBH, Inc. (9928), Böwe Bell + Howell Company (0100), Böwe Bell + Howell Postal Systems Company (4944), BCC Software, Inc. (3481) and Böwe Bell + Howell International Ltd. (0001). The debtors' corporate offices are located at 760 S. Wolf Road, Wheeling, IL 60090.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed in the Application.

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1 and nunc pro tunc to the Petition Date, to employ and retain LMM as their investment banker on the terms set forth in the Engagement Letter (including the Indemnification Letter annexed thereto), except as provided in this Order.

3. LMM's compensation as set forth in the Engagement Letter, including, without limitation, the Monthly Fee, the Restructuring Fee, the Sale Transaction Fee, and the Minority Sale Transaction Fee (each as defined in the Engagement Letter), are approved pursuant to section 328(a) of the Bankruptcy Code.

4. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by LMM and the Fee Structure, LMM and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016-2 and the U.S. Trustee's Fee Guidelines in connection with the services to be rendered pursuant to the Engagement Letter, and shall instead submit time records in one-half hour increments.

5. The Debtors are authorized to pay LMM's fees and to reimburse LMM for its costs and expenses as provided in the Engagement Letter, in accordance with the monthly, interim and final fee application process approved by this Court, and none of the fees payable to LMM shall constitute a "bonus" or fee enhancement under applicable law.

6. LMM shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and any other such procedures as may be fixed by order of this Court; provided, however, that LMM shall be compensated and reimbursed pursuant to Bankruptcy Code section 328(a) and that LMM's fees and expenses shall not be evaluated under the standard set forth in Bankruptcy Code section 330.

7. Notwithstanding anything in this Order to the contrary, the U.S. Trustee shall retain all rights to object to the Restructuring Fee, Sale Transaction Fee, or the Minority Sale Transaction Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

8. The provisions set forth in the Indemnification Letter are approved, subject, during the pendency of these cases, to the following:

   a. subject to the provisions of subparagraphs (b), (c), and (d), infra, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Letter) in accordance with the Indemnification Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

   b. notwithstanding any provisions of the Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify LMM or provide contribution or reimbursement to LMM (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from LMM's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of LMM's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to <u>In re United Artists Theatre Company, et. al.</u>, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to

3

> subparagraph (d), infra, to be a claim or expense for which LMM should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Letter, as modified by this Order;
>
> c. if, during the pendency of the Debtors' cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and LMM makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Indemnification Letter shall not apply; and
>
> d. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, LMM believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Letter, as modified by this Order, including without limitation the advancement of defense costs, LMM must file an application therefor in this Court, and the Debtors may not pay any such amounts to LMM before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by LMM for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify LMM.

9. The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

10. During the pendency of these cases, this Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2011
      Wilmington, Delaware

                                                          _____
                                                          THE HONORABLE PETER J. WALSH
                                                          UNITED STATES BANKRUPTCY JUDGE