**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **Böwe Systec, Inc., et al.,**[1] | ) | **Case No. 11-11187 (PJW)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, who were assisted by their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statement of Limitations, Methodology and Disclaimer regarding the Debtors' Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all the Schedules and Statements. These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements have been prepared by the Debtors' management and are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information; however, subsequent information or discovery may

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Böwe Systec, Inc. (1423), Böwe Bell + Howell Holdings, Inc. (9926), BBH, Inc. (9928), Böwe Bell + Howell Company (0100), Böwe Bell + Howell Postal Systems Company (4944), BCC Software, Inc. (3481) and Böwe Bell + Howell International Ltd. (0001). The debtors' corporate offices are located at 760 S. Wolf Road, Wheeling, IL 60090.

[2] These Global Notes are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a "General Note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such General Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

result in material changes to the Schedules and Statements and inadvertent errors, omissions or inaccuracies may exist. The Debtors reserve all rights to amend or supplement their Schedules and Statements.

**Reservation of Rights**

Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to the above-captioned chapter 11 cases (the "Chapter 11 Cases") including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of the Bankruptcy Code and/or causes of action arising under the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

**Description of the Cases and "As of" Information Date**

On April 18, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code, thereby commencing the Chapter 11 Cases. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court subsequently entered an order jointly administering the Chapter 11 Cases pursuant to Bankruptcy Rule 1015 (b). The Debtors filed for bankruptcy shortly before midnight on the Petition Date. As it is impractical to determine assets and liabilities as of an arbitrary time, the books were closed as of the end of day on April 18, 2011. In some instances, the Debtors have used estimates or pro-rated amounts where actual data as of April 18, 2011 was not available.

Therefore, these Schedules and Statements do no purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a non-consolidated basis where possible.

For purposes of the Schedules and Statements, the Debtors used reasonable efforts to attribute the assets and liabilities of each of their businesses to the proper legal entity; however, because the Debtors do not always record accounting entries at the individual legal entities, it is possible that not all assets or liabilities have been recorded at the correct legal entity on the Schedules and Statements. As such, the Debtors reserve all rights to amend these Schedules and Statements accordingly.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

2

## Consolidated Entity Accounts Payable and Disbursement Systems

The Debtors use a centralized cash management system to collect funds from customers and transfer them into their primary concentration accounts and maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. A more complete description of the Debtors' centralized cash management system can be found in the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Continue Using Existing Centralized Cash Management System, as Modified, (II) Honor Certain Prepetition Obligations Related to the Use of the Cash Management System, and (III) Maintain Existing Bank Accounts and Business Forms* [Docket No. 5], filed on the Petition Date. Due to the centralized cash management system, certain payments reflected in a Debtor's response to Statement 3b may have been made on behalf of another affiliated Debtor. The Debtors have used their best efforts to note any such instances in the Statements.

## Insiders

For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) directors, (b) officers, (c) relatives of directors or officers of the Debtors and (d) person in control. Except as otherwise disclosed, payments to insiders listed in (a) through (d) above are set forth on Statement 3c. Persons listed as "insiders" have been included for informational purposes only and is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses are hereby expressly reserved. Further, the Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

## Summary of Significant Reporting Policies

The following is a summary of certain significant reporting policies:

**Current Market Value — Net Book Value**. In many instances, current market valuations are neither maintained by nor readily available to the Debtors. It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available. Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date and may not reflect the net realizable value. For this reason, amounts ultimately realized will vary, at some times materially, from net book value.

**Accounts Receivable**. The accounts receivable listed on the Schedules are net of setoff claims where known. Intercompany accounts receivable are listed at book value and may be included in receivable amounts.

**First Day Orders**.  Pursuant to various "first day" orders issued by the Court, the Debtors were authorized to pay certain pre-petition claims, including, without limitation, claims relating to employee wages and benefit claims, claims for taxes and fees, claims of shippers, warehousemen and lien claimants.  However, the claims listed in the Schedules and Statements may not reflect amounts paid pursuant to these various "first day" orders as they were unpaid as of the Petition Date.  To the extent claims listed on the Schedules and Statements have been or are subsequently paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary and appropriate.

**Undetermined Amounts**.  The description of an amount as "unknown," or "undetermined" is not intended to reflect upon the materiality of such amount.

**Estimates**.  To timely close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses as of the Petition Date.  The Debtors reserve all rights to amend the reported amounts of assets, liabilities, reported revenue and expenses to reflect changes in those estimates and assumptions.

**Totals**.  The asset totals listed on Schedules A and B represent all known amounts included in the Debtors' books and records as of the Petition Date.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

**Classifications**.  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," (c) on Schedule F as "unsecured priority," or (d) listing a contract or lease on Schedule G as "executory" or  "unexpired," does not constitute an admission by the Debtors  of  the  legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

**Causes of Action**.  The Debtors have not set forth causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to any causes of action they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Executory Contracts**.  The Debtors have not set forth executory contracts as assets in their Schedules and Statements.  The Debtors' executory contracts have been set forth in Schedule G.

**Property and equipment – leased**.  In the ordinary course of their businesses, the Debtors lease furniture, fixtures, equipment and real estate from certain third-party lessors for use in the daily operation of their business.   Any such leases are set forth in the Schedules and Statements. Lessors of personal property are included in Schedule D where a UCC-1 financing statement has been filed.  The property subject to such leases is not reflected in the Schedules and Statements as either owned property or assets of the Debtors or property or assets of third-parties within the control of the Debtors.  Nothing in the Schedules and Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a

true lease or a financing arrangement), and the Debtors expressly reserve all rights with respect to any of such issues.

**Schedule D**.  Subject to the *Final Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363(C), 363(E), 364 And 507 And Fed. R. Bankr. P. 2002, 4001 And 9014 (I) Authorizing Debtors To Obtain Postpetition Financing Pursuant To Section 364 Of The Bankruptcy Code, (II) Authorizing Use Of Cash Collateral Pursuant To Section 363 Of The Bankruptcy Code, (III) Granting Liens And Super-Priority Claims And (IV) Granting Adequate Protection To The Prepetition Secured Parties* [Docket No. 116] that was entered on May 12, 2011, the Debtors reserve their rights to avoid and to dispute or challenge the validity, perfection or amount of any lien of any party listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction, or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor and Schedule D of any Debtor is not intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only to be summaries, and reference to the applicable documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of the underlying agreements.

**Schedule F**.  In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims and no claim set forth on Schedule F of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged.  The descriptions provided in Schedule F are intended to be summaries only, and nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of any underlying agreements.

**Schedule G**.  While every effort has been made to ensure the accuracy of the Schedule of Executory Contracts, inadvertent errors or omissions may have occurred.  In addition, there may exist certain minor leases or executory contracts which are not listed on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights which are not set forth on Schedule G.  Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements.  Such documents are not set forth in Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing.

**Claims Description**.   Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."   The Debtors reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their respective Schedules on any grounds including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules accordingly.

RLF1 4019652v. 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:  BBH, Inc.                                     Case No. 11-11188 (PJW)
        Debtor

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11 or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0 | | |
| B - Personal Property | Yes | 3 | $7,812,514.19 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $121,740,728 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | Unknown | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $17,161,318.89 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | $0 |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | $0 |
| TOTAL | | 12 | $7,812,514.19 | $138,902,046.89 | |

In re: <u>BBH, Inc.</u>                                      Case No. <u>11-11188</u> (<u>PJW</u>)
        **Debtor**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property.

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| *Not Applicable* | *N/A* | | *N/A* | *N/A* |
| | | Total ➔ | $0.00 | |

(Report also on Summary of Schedules)

In re: **BBH, Inc.**
        **Debtor**

Case No. **11-11188** (**PJW**)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

        **Do not list interests in executory contracts and unexpired leases on this schedule,. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *See Schedule B2 Attachment* | | *$7,639,426.01* |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | *See Schedule B9 Attachment* | | *$0.00* |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(6)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1) Give particulars. (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c).) | X | | | |

In re: **BBH, Inc.**,                                         Case No. **11-11188** (**PJW**)
        **Debtor**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14 Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or maybe entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | *See Schedule B18 Attachment* | | *$132,493.38* |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A -- Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22 Patents copyrights, and other intellectual property. Give particulars. | | *See Schedule B22 Attachment* | | *Unknown* |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24 Customer lists or other compilations containing personally identifiable information (as defined in 11 U S C § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family or household purposes. | X | | | |

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26.  Boats motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment furnishings, and supplies. | | *See Schedule B28 Attachment* | | *$40,594.80* |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed.  Itemize. | X | | | |

   _0_   Continuation sheets attached     Total ➔
(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

*$7,812,514.19*

In re: <u>BBH, Inc.</u>                                                                        Case No. <u>11-11188</u> (<u>PJW</u>)
            **Debtor**

# SCHEDULE C – PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:                ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                      $146,450.*
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| *NONE* | *N/A* | *N/A* | *N/A* |

*\* Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

In re: <u>BBH, Inc.</u>
        Debtor

Case No. <u>11-11188</u> (<u>PJW</u>)

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITORS NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> *SEE SCHEDULE D ATTACHMENT* | | | | | | | *EST: $121,740,728.00* | *UNKNOWN* |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| <u> 0 </u> Continuation sheets attached | | | Subtotal ▶ <br>(Total of this page) | | | | *EST: $121,740,728.00* | *UNKNOWN* |
| | | | Total ▶ <br>(Use only on last page) | | | | *EST: $121,740,728.00* | *UNKNOWN* |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total amounts not entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐    **Domestic Support Obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐    **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐    **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐    **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

In re: <u>BBH, Inc.</u>      Case No. <u>11-11188</u> (<u>PJW</u>)
      **Debtor**

☐      **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐      **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒      **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐      **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐      **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*  *Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

<u> 1 </u>  continuation sheets attached

In re: <u>BBH, Inc.</u>                                    Case No. <u>11-11188</u> (<u>PJW</u>)
         **Debtor**

# SCHEDULE E – CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITORS NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. *SEE SCHEDULE E ATTACHMENT* | | | | | | | *UNKNOWN* | *UNKNOWN* | *UNKNOWN* |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Priority Claims

Subtotals ➤
(Totals of this page) — *UNKNOWN* | *UNKNOWN* | *UNKNOWN*

Total ➤
(Use only on last page of the completed Schedule E. Report also on Summary of Schedules.) — *UNKNOWN*

Totals ➤
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data) — *UNKNOWN* | *UNKNOWN*

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐     Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. *SEE SCHEDULE F ATTACHMENT* | | | | | | | $17,161,318.89 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

  __0__  continuation sheets attached                                                         Subtotal ▶ | **$17,161,318.89**

Total ▶ | **$17,161,318.89**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data..)

In re: **BBH, Inc.**                                                    Case No. **11-11188** (**PJW**)
       **Debtor**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

      Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

**In re: <u>BBH, Inc.</u>**
     Debtor

Case No. <u>11-11188</u> (<u>PJW</u>)

# SCHEDULE H – CODEBTORS

     Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's name and the name of the address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| *SEE SCHEDULE H ATTACHMENT* | |

| Bank/Institution | Address 1 | City | State | Zip | Account Number | Description | Balance |
|---|---|---|---|---|---|---|---|
| Harris N.A. | 111 West Monroe Street | Chicago | IL | 60603 | 187-067-4 | Concentration Account | $ 171,098.93 |
| Harris N.A. | 111 West Monroe Street | Chicago | IL | 60603 | 185-901-6 | Depository Account | $ 7,468,327.08 |
| Harris N.A. | 111 West Monroe Street | Chicago | IL | 60603 | 44422-185-9016 | Canadian Proceeds Deposit Account | $ - |
| Total | | | | | | | $ 7,639,426.01 |

| Insurer | Policy Number | Beneficiary | Insured party | Face value | Cash surrender value |
|---|---|---|---|---|---|
| AGCS Marine Ins. Co. | OC96541600 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $3,000,000 | $0.00 |
| American Guarantee & Liability Insurance Co. (Zurich) | AUC485696200 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $10,000,000 | $0.00 |
| American Zurich Insurance Co. | WC930326109 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | Statutory/$1,000,000/ $1,000,000/$1,000,000 | $0.00 |
| CNA | L4024337818 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $20M xs $10M | $0.00 |
| Hartford Fire Insurance Co. | FA0227801011 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $5,000,000 | $0.00 |
| Houston Casualty Company (HCC) | 206169017 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $5,000,000 | $0.00 |
| Illinois National Insurance Co. (Chartis) | 11745919 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $5,000,000 | $0.00 |
| Liberty International Underwriters | EXCCH1176961 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $20M xs $30M | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| Twin City Fire Insurance Co. (Hartford) | KB024813710 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $10,000,000 | $0.00 |
| Zurich American Insurance Co. | GLO930325906 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $1,000,000 per occurrence/ $2,000,000 aggregate | $0.00 |
| Zurich American Insurance Co. | BAP930325609 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $2,000,000 any one occurrence | $0.00 |
| Zurich American Insurance Co. | PPR534518805 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $110,000,000 | $0.00 |
| Zurich Insurance Company | 8833650 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $4,547,516 CD | $0.00 |
| Zurich Insurance Group | 8840221 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $989,175/$1,978,510 CD | $0.00 |
| Zurich Insurance Group | AF9993733 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $1,978,510 CD | $0.00 |
| Zurich Insurance Group | GEP596659103 | Insured party | Bowe Bell + Howell Holdings, Inc, BBH, Inc and all subsidiaries | $1,000,000 per occurrence/ $2,000,000 aggregate | $0.00 |
| | | | | | |
| Total | | | | | $0.00 |

| Entity | Address 1 | Address 2 | City | State | Zip | Description | Receivable balance |
|---|---|---|---|---|---|---|---|
| Extended OWL maintenance | P.O. Box 7780-824024 | | Philadelphia | PA | 19182 | One year prepaid agreement to be expired in 6/30/2011, the unamortized prepaid amount on the book as of April 18, 2011 is $932.00 | $ 932.00 |
| SAP America (OutlookSoft) Support | P.O. Box 7780-824024 | | Philadelphia | PA | 19182 | One year prepaid agreement to be expired in 12/31/2011, the unamortized prepaid amount on the book as of April 18, 2011 is $21,449.22 | $ 21,449.22 |
| Softscape '(subscription renewal) | 2850 NW 43rd Street | Suite #200 | Gainesville | FL | 32606 | A Prepaid agreement to be expired in 4/30/2012, the unamortized prepaid amount on the book as of April 18, 2011 is $99,527.00 | $ 99,527.00 |
| Sungard | AvantGard LLC, 601 Walnut Street | Suite 1010 East | Philadelphia | PA | 19106 | One year prepaid agreement to be expired in 2/28/2012, the unamortized prepaid amount on the book as of April 18, 2011 is $10,585.16 | $ 10,585.16 |
| | | | | | | | |
| Total | | | | | | | $ 132,493.38 |

| Patent/Trademark name | Expiration Date | Market value |
|---|---|---|
| Automatic Magazine Speed Control for Document Processing System | 1/3/2012 | Unknown |
| BELT SEPARATOR FOR DOCUMENT SINGULATION | 10/31/2011 | Unknown |
| BUFFERED STACKER | 10/19/2014 | Unknown |
| BUFFERED STACKER WITH DROP FLOOR ASSEMBLY | 10/19/2014 | Unknown |
| Deflector Device for Document Feeder | 7/2/2011 | Unknown |
| Device for Turning a Sheet with a Simultaneous Change in Conveying Direction | 4/13/2012 | Unknown |
| Device for Turning a Sheet with a Simultaneous Change in Conveying Direction | 4/13/2012 | Unknown |
| DUAL AUGER STACKING DEVICE AND CONTROL THEREFOR | 12/30/2011 | Unknown |
| HIGH SPEED LABELER | 3/1/2014 | Unknown |
| HIGH SPEED SEPARATOR WITH MOVABLE HOLD BACK BELT FOR HIGH SPEED FLATS FEEDER | 6/20/2014 | Unknown |
| METHOD AND APPARATUS FOR FEEDING DOCUMENTS | 4/21/2012 | Unknown |
| METHOD AND APPARATUS FOR SHINGLING DOCMENTS | 1/3/2014 | Unknown |
| Secondary Pivotal Drive Stacker Roller Enabling Stacking of Small and Large Documents | 12/3/2011 | Unknown |
| Stacker Assembly Having Variable Pressure Stacker Plate | 2/18/2012 | Unknown |

| Description | Location | Cost basis | Book value |
|---|---|---|---|
| Softscape HR reporting system | Wheeling, IL | $ 99,819.06 | $ 27,804.21 |
| Dell Computers | Wheeling, IL | $ 20,528.81 | $ 12,790.59 |
| | | | |
| Total | | | $ 40,594.80 |

| Creditor's Name | Account # | Address 1 | City | State | Zip | Country | Codebtor | Date claim was incurred, nature of lien and description and value of property subject to lien | Contingent | Unliquidated | Disputed | Amount of claim without deducting value of collateral | Unsecured portion, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Contrado BBH Investments, 1, LLC as Lender and as Agent for the Lenders | | C/O Versa Capital Management | Philadelphia | PA | 19104-2868 | US | | Revolver and Term Loan Credit Facilities under Amended and Restated Credit Agreement dated as of November 23, 2009 and ancillary documents including security and other agreements granting liens on Debtor's assets | | | | $ 121,740,728.00 | Unknown |
| | | | | | | | | | | | | | |
| Data Sales Co., Inc. | 93581532 | 3450 W. Burnside Pkwy. | Burnsville | MN | 55337 | | | 11/6/2009 | | | | Unknown | Unknown |
| Data Sales Co., Inc. | 00567556 | 3450 W. Burnside Pkwy. | Burnsville | MN | 55337 | | | 2/19/2010 | | | | Unknown | Unknown |
| | | | | | | | | | | | | | |
| TOTAL | | | | | | | | | | | | $ 121,740,728.00 | Unknown |

| Creditor's Name | Account # | Address 1 | Address 2 | City | State | Zip | Country | Codebtor | Date claim was incurred and consideration for claim | Contingent | Unliquidated | Disputed | Total amount of claim | Amount entitled to priority | Amount not entitled to priority, if any | Type of Priority |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income and Franchise Taxes** | | | | | | | | | | | | | | | | |
| North Carolina | 36-4469928 | PO Box 25000 | Corporate Income and Franchise | Raleigh | NC | 27640 | USA | | | | | x | Unknown | Unknown | Unknown | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| **Note 1:** | | | | | | | | | | | | | | | | |
| The "account #" field is the tax ID number. | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| **Note 2: 2011 tax returns** | | | | | | | | | | | | | | | | |
| All the required Q1 2011 estimated payments have been remitted to the taxing authorities on a timely basis. The returns are due in March, April and May 2012. However, extensions will be filed extending the required the filing of the returns. Q2, Q3, and Q4 2011 estimated payments as well as taxable basis are unknown at the filing of this schedule. | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| **Note 3: 2010 tax returns** | | | | | | | | | | | | | | | | |
| All the required estimated payments have been remitted to the taxing authorities on a timely basis. The returns are due in March, April and May 2011. However, extensions have been filed extending the required filing dates to September, October and November 2011 for respective taxing authorities. The estimated payment and extension payment calculations are outsourced to E&Y that also prepares the tax returns. There may be amounts that will be due with the filing of the returns. These amounts are unknown at the filing of this schedule. | | | | | | | | | | | | | | | | |

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Böwe Systec, Inc., et al.,**[1] | ) | **Case No. 11-11187 (PJW)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |

Schedules of Assets and Liabilities - Schedule F

**Page 9-11**

# DOCUMENT TO BE KEPT UNDER SEAL

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Böwe Systec, Inc. (1423), Böwe Bell + Howell Holdings, Inc. (9926), BBH, Inc. (9928), Böwe Bell + Howell Company (0100), Böwe Bell + Howell Postal Systems Company (4944), BCC Software, Inc. (3481) and Böwe Bell + Howell International Ltd. (0001). The debtors' corporate offices are located at 760 S. Wolf Road, Wheeling, IL 60090.

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| Bowe Bell + Howell Holdings, Inc. | 760 S. Wolf Road | Wheeling | IL | 60090 | Contrado BBH Investments, 1, LLC as Lender and as Agent for the Lenders | C/O Versa Capital Management | Cira Centre, 2929 Arch St. | Philadelphia | PA | 19104-2868 |
| Bowe Bell + Howell Company | 760 S. Wolf Road | Wheeling | IL | 60090 | Contrado BBH Investments, 1, LLC as Lender and as Agent for the Lenders | C/O Versa Capital Management | Cira Centre, 2929 Arch St. | Philadelphia | PA | 19104-2868 |
| Bowe Bell + Howell Postal Systems Company | 760 S. Wolf Road | Wheeling | IL | 60090 | Contrado BBH Investments, 1, LLC as Lender and as Agent for the Lenders | C/O Versa Capital Management | Cira Centre, 2929 Arch St. | Philadelphia | PA | 19104-2868 |
| Bowe Systec, Inc. | 760 S. Wolf Road | Wheeling | IL | 60090 | Contrado BBH Investments, 1, LLC as Lender and as Agent for the Lenders | C/O Versa Capital Management | Cira Centre, 2929 Arch St. | Philadelphia | PA | 19104-2868 |
| BCC Software, Inc. | 760 S. Wolf Road | Wheeling | IL | 60090 | Contrado BBH Investments, 1, LLC as Lender and as Agent for the Lenders | C/O Versa Capital Management | Cira Centre, 2929 Arch St. | Philadelphia | PA | 19104-2868 |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:  BBH, Inc.                                                    No. 11-11188 (PJW)
       Debtor

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, Michael Wilhelm, Chief Financial Officer for the entity named as debtor in the above-captioned case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 12 sheets and an attachment consisting of 12 sheets, and that they are true and correct to the best of my knowledge, information and belief.


Date:  May 18, 2011

                    Signature: _____
                               Michael Wilhelm
                               Chief Financial Officer
                               BBH, Inc.


---

**Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.**

RLF1 4020422v. 1