IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| Böwe Systec, Inc., *et al.*,[1] | ) Case No. 11-11187 (PJW) )  |
| Debtors. | ) Jointly Administered ) |

Objection Deadline: June 8, 2011 at 4:00 p.m. (prevailing Eastern time)
Hearing Date: June 15, 2011 at 3:00 p.m. (prevailing Eastern time)

### APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BDO CONSULTING, A DIVISION OF BDO USA, LLP AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO MAY 2, 2011

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (collectively, the "Debtor") hereby submits its application (the "Application") for the entry of an order authorizing the retention of BDO Consulting, a Division of BDO USA, LLP ("BDO" or the "Firm") as financial advisors to the Committee in connection with the Debtors' chapter 11 cases (the "Cases"), *nunc pro tunc* to May 2, 2011, pursuant to section 1103 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the relief sought in the Application, the Committee submits the Affidavit of David E. Berliner, a Partner of the Firm (the "Berliner

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Böwe Systec, Inc. (1423), Böwe Bell + Howell Holdings, Inc. (9926), BBH, Inc. (9928), Böwe Bell + Howell Company (0100), Böwe Bell + Howell Postal Systems Company (4944), BCC Software, Inc. (3481) and Böwe Bell + Howell International Ltd. (0001). The debtors' corporate offices are located at 760 S. Wolf Road, Wheeling, IL 60090.

Affidavit"), attached hereto as <u>Exhibit A</u> and incorporated herein by reference. In further support of the Application, the Committee respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1.

### Background

4. On April 18, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On April 20, 2011, this Court entered an order jointly administering these Cases pursuant to Bankruptcy Rule 1015(b). No trustee or examiner has been appointed in these Cases.

6. On April 29, 2011, the United States Trustee for Region 3 appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) Litigation Counter-Parties in Settled Federal Action; (ii) Choice Precisions Machine Inc.; (iii) Sefas Innovation, Inc.; (iv) VI Manufacturing; and (v) Britech Inc.

7. On April 29, 2011, the Committee held its initial meeting and, among other things, voted to retain the Pachulski Stang Ziehl & Jones LLP as its counsel, subject to

Court approval. On May 2, 2011, the Committee selected BDO USA, LLP as its financial advisors.

8. BDO's retention is requested *nunc pro tunc* to May 2, 2011 as BDO has been actively advising the Committee since that date.

### Relief Requested

9. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto, pursuant to section 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, authorizing the Committee to retain the Firm as its financial advisor in these Cases. The Committee seeks to retain the Firm *nunc pro tunc* to May 2, 2011 because the Firm began providing services to the Committee as of such date. The Committee believes that such *nunc pro tunc* retention is appropriate in these Cases because the Committee required effective financial advice prior to such time as a retention application could be submitted to the Court due to the exigencies of these Cases, and, as set forth above, the Firm has been providing services to the Committee since May 2, 2011.

### Services to be Rendered

10. The Committee submits that it is necessary and appropriate for it to employ and retain BDO to provide, among other things, the following services:

    a. Analyze the financial operations of the Debtors pre and post-petition, as necessary;

    b. Analyze the financial ramifications of any proposed transactions for which the Debtors seek Bankruptcy Court approval including, but not limited to, post-petition financing, sale of all or a portion of the Debtors' assets, retention of management and/or employee incentive and severance plans;

    c. Conduct any requested financial analysis including verifying the material assets and liabilities of the Debtors, as necessary, and their values;

d. Assist the Committee in its review of monthly statements of operations submitted by the Debtors;

e. Perform claims analysis for the Committee;

f. Assist the Committee in its evaluation of cash flow and/or other projections prepared by the Debtors;

g. Scrutinize cash disbursements on an on-going basis for the period subsequent to the commencement of these cases;

h. Perform forensic investigating services, as requested by the Committee and counsel, regarding pre-petition activities of the Debtors in order to identify potential causes of action, including investigating intercompany transfers, improvements in position, and fraudulent transfers;

i. Analyze transactions with insiders, related and/or affiliated companies;

j. Analyze transactions with the Debtors' financing institutions;

k. Attend meetings of creditors and conference with representatives of the creditor groups and their counsel;

l. Attend any auctions of the Debtors' assets;

m. Assist the Committee in its review of the financial aspects of a plan of reorganization or liquidation submitted by the Debtors and perform any related analyses, specifically including liquidation analyses and feasibility analyses and evaluate best exit strategy;

n. Assist counsel in preparing for any depositions and testimony, as well as prepare for and provide expert testimony at depositions and court hearings, as requested; and

o. Perform other necessary services as the Committee or the Committee's counsel may request from time to time with respect to the financial, business and economic issues that may arise.

### Disclosure of Connections

11. The Committee believes that BDO does not hold or represent any interest that is adverse to the Committee and the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtors, their creditors or any party-in-interest herein in the matters upon which BDO is to be retained, except as set forth in

the Berliner Affidavit. To the best of the Committee's knowledge, BDO is eligible to represent the Committee under section 1103 of the Bankruptcy Code.

12. Subject to the foregoing, except as set for in the Berliner Affidavit thereto, to the best of Berliner's information, knowledge and belief based on reasonable inquiry, (1) neither Berliner, BDO, nor any partner, principal or director of BDO that is anticipated to provide the services for which BDO is to be retained (the "BDO Engagement Partners/Principals/Director") holds any interest adverse to the interests of the Debtors' estates with respect to the matters on which BDO is to be retained in the above-captioned chapter 11 cases (the "Cases"), and (2) BDO and the BDO Engagement Partners/Principals/Directors have no relationship to the Debtors, their significant creditors, certain other parties-in-interest herein, or to the attorneys that are known to be assisting the Debtors or the Committee in the Cases, except as stated herein or on any attachment hereto.

13. Except as provided in the Berliner Affidavit, to the best of the Committee's knowledge, neither BDO, nor any of its professionals, hold or represent any interest adverse to the Committee or the Debtors' estates in the matters on which they are to be retained. The Committee submits that its proposed employment of BDO is in the best interests of the Committee and its members.

14. To the best of the Committee's knowledge, and except as disclosed in the Berliner Affidavit, BDO has had no other prior connection with the Debtors, their creditors or any other party in interest. Upon information and belief, BDO does not hold or represent any interest adverse to the Debtors' estates, the Committee, or the creditors the Committee represents in the matters upon which it has been and is to be engaged.

15. BDO acts as financial advisors to many committees in other bankruptcy cases, the members of which (together with other creditors of this Case) may be creditors of the Debtors. However, BDO will not provide services to any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

16. Similarly, BDO may provide, or may have provided, services to debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to these Cases.

### Terms of Retention

17. The Committee understands that BDO intends to apply to the Court for allowance of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, Orders of this Court, and guidelines established by the United States Trustee.

18. BDO will seek to be compensated on an hourly fee basis plus reimbursement of actual and necessary expenses incurred by BDO. Actual and necessary expenses would include any reasonable legal fees incurred in defense of its retention application and fee applications in this matter subject to Court approval.

19. The customary hourly rates, subject to periodic adjustments, charged by BDO professionals anticipated to be assigned to these Cases are as follows:

| | |
|---|---|
| Partners/Managing Directors | $475 to $795 per hour |
| Directors & Sr. Managers | $375 to $525 per hour |
| Managers | $325 to $425 per hour |
| Seniors | $200 to $350 per hour |
| Staff | $150 to $225 per hour |

### Notice

20. Notice of this Application has been given to the following parties: (a) the U.S. Trustee; (b) counsel for the Debtors; (c) counsel for the lenders of the Debtor-in-Possession financing; and (d) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

21. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests entry of an Order substantially in the form attached hereto, authorizing the Committee to employ and retain BDO as its financial advisor, *nunc pro tunc* to May 2, 2011, and granting such other and further relief as is just and proper.

Dated: May 25, 2011

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF BOWE
SYSTEC, INC., ET AL.

*/s/ Patrick Thornton, CFO*
Choice Precisions Machine Inc.
By: Patrick Thornton, CFO

Chair, Official Committee of Unsecured Creditors
of Bowe Systec, Inc., et al.