# EXHIBIT 1

## (Assumption Notice)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Böwe Systec, Inc., et al.,[1] | Case No.: 11-11187 (PJW) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: _____ ___, 2011 at 4:00 p.m. (ET) |
| | Hearing Date:  Only if Objections Filed |

## NOTICE OF ASSUMPTION AND ASSIGNMENT OF
## UNEXPIRED LEASE OR EXECUTORY CONTRACT

Re:    INSERT INFORMATION (the "Lease"/or the "Contract")

**PLEASE TAKE NOTICE** that, on _____ ___, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Order (A) Approving Purchase Agreement between the Debtors and the Highest and Best Bidder; (B) Authorizing Sale of Acquired Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (C) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith* [Docket No. ____ ] (the "Order").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the terms of the Order, the Debtors hereby provide this "Notice of Assumption and Assignment of Unexpired Lease or Executory Contract" (the "Notice") of their intent to assume and assign the above-referenced [Lease/Contract].  The Debtors intend to assume and assign the [Lease/Contract] to [INSERT NAME] (the "Assignee").  The Assignee has the financial wherewithal to meet all future obligations under the [Lease/Contract], as evidenced by the documentation previously provided,

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Böwe Systec, Inc. (1423), Böwe Bell + Howell Holdings, Inc. (9926), BBH, Inc. (9928), Böwe Bell + Howell Company (0100), Böwe Bell + Howell Postal Systems Company (4944), BCC Software, Inc. (3481) and Böwe Bell + Howell International Ltd. (0001).  The debtors' corporate offices are located at 760 S. Wolf Road, Wheeling, IL 60090.

thereby demonstrating that it has the ability to comply with the requirements of adequate assurance of future performance under section 365(f) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") including, without limitation, section 365(f)(2)(B) of the Bankruptcy Code and, if applicable, section 365(b)(3) of the Bankruptcy Code. Contact details for the Assignee's counsel are as follows: Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: David L. Eaton , Esq. and James A. Stempel, Esq.).

**PLEASE TAKE FURTHER NOTICE** that, should you object to the Debtors' assumption and assignment of the above-referenced [Lease/Contract], you must file and serve a written objection so that such objection is filed with the Bankruptcy Court and served via overnight delivery no later than ten (10) days after the date that the Debtors served this Notice (the "Assumption Objection Deadline") on the following parties: (i) counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq.); (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (Attn: Juliet Sarkessian ,Esq.); (iii) counsel for the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899 (Attn: Bruce Grohsgal, Esq. and Bradford J. Sandler, Esq.); (iv) counsel to the Assignee, (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: David L. Eaton, Esq. and James A. Stempel, Esq.) and (b) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Robert S. Brady, Esq.); (v) the counterparties or landlords and their counsel (if known) to the [Lease/Contract]; and (vi) any other interested parties with respect to the [Lease/Contract].

**PLEASE TAKE FURTHER NOTICE** that, cure amounts under section 365(b) of the Bankruptcy Code were or shall be established pursuant to paragraph ___ and paragraph ___ of the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if a timely objection is properly filed and served in accordance with the procedures set forth above, and the Debtors, the Assignee and the objecting party cannot consensually resolve the issue(s) raised in the objection, a hearing will be scheduled to consider that objection. If the objection is overruled by the Court or withdrawn, the assumption and assignment of the [Lease/Contract] shall be deemed effective as of the date of the Assumption Order (as defined below).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if no objection is filed and served in accordance with the above procedures, the Debtors will file with the Bankruptcy Court a certificate of no objection with the proposed form of order (the "Assumption Order"), attached hereto as Annex I, that provides, inter alia, (i) that the assumption and assignment of the [Lease/Contract] is approved, final and effective as of the date of entry of the Assumption Order; (ii) the Assignee provided adequate assurance of future performance under the [Lease/Contract]; and (iii) the cure amount pursuant to section 365(f)(2)(B) and, if applicable, section 365(b)(3), was or shall be established pursuant to paragraph ____ and paragraph ___ of the Order.

RLF1 4058002v. 1

Dated: _____, 2011
      Wilmington, Delaware

                                          _____

                                          Mark D. Collins (No. 2981)
                                          Michael J. Merchant (No. 3854)
                                          Drew G. Sloan (No. 5069)
                                          RICHARDS, LAYTON & FINGER, P.A.
                                          One Rodney Square
                                          920 North King Street
                                          Wilmington, Delaware 19801
                                          Telephone:  (302) 651-7700
                                          Facsimile:  (302) 651-7701

                                          *Attorneys for Debtors and*
                                          *Debtors in Possession*

# ANNEX I

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **Böwe Systec, Inc., et al.,**[1] | ) | **Case No. 11-11187 (PJW)** |
| | ) | |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | Re: Docket No. ____ |

## ORDER, PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006, APPROVING THE ASSUMPTION AND ASSIGNMENT OF [LEASE/CONTRACT] BETWEEN [INSERT NAME OF PARTIES]

Pursuant to the *Order (A) Approving Purchase Agreement between the Debtors and the Highest and Best Bidder; (B) Authorizing Sale of Acquired Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (C) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith* [Docket No. ____] (the "Sale Order"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having properly filed and served a Notice of Assumption and Assignment of Unexpired Lease or Executory Contract (the "Assignment Notice")[2] in accordance with the terms of the Sale Order in respect of the assignment of the [lease/contract] for [INSERT INFORMATION] (the "Lease/Contract") to [INSERT NAME] (the "Assignee"); and no timely objections have been filed to the assumption and assignment of the [Lease/Contract]; and due and proper notice of the

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Böwe Systec, Inc. (1423), Böwe Bell + Howell Holdings, Inc. (9926), BBH, Inc. (9928), Böwe Bell + Howell Company (0100), Böwe Bell + Howell Postal Systems Company (4944), BCC Software, Inc. (3481) and Böwe Bell + Howell International Ltd. (0001). The debtors' corporate offices are located at 760 S. Wolf Road, Wheeling, IL 60090.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Assignment Notice.

Sale Order and the Assignment Notice having been provided, and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor,

NOW, IT IS HEREBY ORDERED THAT:

1.     The assignment and assumption of the [Lease/Contract] is hereby approved.

2.     The Debtors are authorized to assume and assign the [Lease/Contract] to the Assignee free and clear of all liens, claims and interests of any kind or nature, pursuant to sections 105(a), 363(f) and 365 of the Bankruptcy Code.

3.     All objections with regard to the relief sought herein, if any, that have not been withdrawn, waived, or settled, are overruled on the merits.

4.     Upon entry of this Order, the Assignee shall assume those obligations under the [Lease/Contract] accruing, relating, attributable or billed to the period after the date of entry of this Order with respect to the [Lease/Contract].

5.     Upon the assignment to the Assignee, the [Lease/Contract] shall be deemed valid and binding, in full force and effect in accordance with its terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the [Lease/Contract].

6.     To the extent that any of the Debtors acts as a guarantor to the [Lease/Contract] (a "Debtor-Guarantor"), the Debtor-Guarantor shall have no obligations with respect to the [Lease/Contract] after the date of entry of this Order.

7.     The cure amounts under section 365(b) of the Bankruptcy Code in connection with the assumption and assignment of the [Lease/Contract] were or shall be established pursuant to paragraph ___ and paragraph ___ of the Sale Order.

2

8.     The landlords and any governmental agency shall accept and honor the assignment of the [Lease/Contract] to the Assignee.

9.     Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the [Lease/Contract] shall be transferred to the Assignee, upon the date of entry of this Order, and in each case shall be free and clear of (i) all liens and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, obligations, rights, contractual commitments, restrictions, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, recapture, or termination of the interest of any Debtor or Assignee, as the case may be, in the [Lease/Contract] or (B) in respect of any taxes (collectively, "Claims")).

10.     The assignment of the [Lease/Contract] to the Assignee shall constitute a legal, valid, and effective transfer of the [Lease/Contract] and vests or shall vest the Assignee with all right, title, and interest to the applicable [Lease/Contract] free and clear of all Claims and liens (and any liens shall attach to the proceeds in the same order and priority and subject to all existing defenses, claims, setoffs and rights).

11.     To the extent that any provisions in any assumption and assignment agreement conflict with this Order, the provisions of this Order shall govern.

12.     The 14-day stay required of any assignment of the [Lease/Contract] pursuant to Bankruptcy Rule 6006(d) is hereby waived.

RLF1 4058002v. 1

13.    The Debtors are authorized to take any action or to execute and deliver to the Assignee any documents or other instruments as may be necessary to implement the terms of this Order and the assignment contemplated herein without further order from this Court.

14.    This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: _____, 2011
        Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

4