# **EXHIBIT 2**

**(Rejection Notice)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Böwe Systec, Inc., <u>et al.</u>,[1] ) | Case No.: 11-11187 (PJW) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Objection Deadline: _____, 2011 at 4:00 p.m. (ET) |
| ) | Hearing Date: Only if Objections Filed |

## NOTICE OF REJECTION OF UNEXPIRED
## LEASE OR EXECUTORY CONTRACT

Re: INSERT INFORMATION (the "<u>Lease</u>"/or the "<u>Contract</u>")

**PLEASE TAKE NOTICE** that on _____, 2011 the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered the *Order (A) Approving Purchase Agreement between the Debtors and the Highest and Best Bidder; (B) Authorizing Sale of Acquired Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (C) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith* [Docket No. \_\_\_] (the "<u>Order</u>"), which, <u>inter alia</u>, approved certain procedures (the "<u>Rejection Procedures</u>") for the rejection of executory contracts and unexpired leases of nonresidential real property.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Rejection Procedures, the Debtors hereby provide this "Notice of Rejection of Unexpired Lease or Executory Contract" (the "<u>Notice</u>") of their intent to reject the above-referenced [Lease/Contract]. Pursuant to the terms of the Order, the [Lease/Contract] shall be deemed

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Böwe Systec, Inc. (1423), Böwe Bell + Howell Holdings, Inc. (9926), BBH, Inc. (9928), Böwe Bell + Howell Company (0100), Böwe Bell + Howell Postal Systems Company (4944), BCC Software, Inc. (3481) and Böwe Bell + Howell International Ltd. (0001). The debtors' corporate offices are located at 760 S. Wolf Road, Wheeling, IL 60090.

rejected effective (the "Effective Date of Rejection") on the later of (i) the date that is ten (10) days from the date this Notice is served (notwithstanding any extension of the objection deadline beyond such date pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") or (ii) if a real property lease, the date that the Debtors vacated the premises, evidenced by actions such as turning over the keys or "key codes" to the affected landlord, provided, however, that in the event of an objection by a party other than an affected counterparty, such date as is ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, should you object to the Debtors' rejection of the above-referenced [Lease/Contract], you must file and serve a written objection so that such objection is filed with the Court and served via overnight delivery on the parties identified on **Exhibit 1** no later than ten (10) days after the date that the Debtors served this Notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if no objection is filed and served in accordance with the above procedures, the Debtors will file with the Court a certificate of no objection with the proposed form of order, attached hereto as **Exhibit 2**, which provides, inter alia, that the rejection of such [Lease/Contract] shall become effective as of the later of (i) ten (10) days from the date the applicable Rejection Notice is served on the affected counterparty (notwithstanding any extension of the objection deadline beyond such date pursuant to Bankruptcy Rule 9006) or (ii) if a real property lease, the date that the Debtors vacated the premises, evidenced by actions such as turning over the keys or "key codes" to the affected landlord.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is properly filed and timely served in accordance with the above, unless the parties agree otherwise in writing, a hearing will be scheduled to consider such objection. If that objection is overruled by the Court or

withdrawn, the rejection of the [Lease/Contract] shall be deemed effective on the later of (i) the date that is ten (10) days from the date this Notice is served (notwithstanding any extension of the objection deadline beyond such date pursuant to Bankruptcy Rule 9006) or (ii) if a real property lease, the date that the Debtors vacated the premises, evidenced by actions such as turning over the keys or "key codes" to the affected landlord, <u>provided</u>, <u>however</u>, that if the objection is filed and served by a party other than the affected counterparty then the rejection of the affected [Lease/Contract] shall be deemed effective on such date as is ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with the counterparty pursuant to a security deposit or otherwise, the counterparty holding such monies may not set-off or recoup or otherwise use such monies without prior approval of the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, should you have a claim for any damages as a result of the Debtors' rejection of the above-referenced [Lease/Contract], you must submit a proof of claim to BBH Bankruptcy Administration, c/o The Garden City Group, Inc., PO Box 9749, Dublin, OH 43017-5649, on or before the later of (i) the date that is 30 days after service of an order of the Court approving the rejection of the [Lease/Contract] or (ii) the bar date established for filing proofs of claim against the Debtors in the above-captioned chapter 11 cases. If you do not properly and timely file such proof of claim, you may be forever barred from asserting any claims for such rejection damages.

Dated: _____, 2011
   Wilmington, Delaware

                                                  Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Drew G. Sloan (No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Attorneys for Debtors and
Debtors in Possession*

# **EXHIBIT 1**

# **(Parties Required to be Served with Objections to Rejection Notice)**

**Counsel to the Debtors**

    Richards, Layton & Finger, P.A.
    One Rodney Square
    920 N. King Street
    Wilmington, Delaware 19801
    Attn: Mark D. Collins, Esq. and Michael J. Merchant, Esq.

**United States Trustee**

    Office of the United States Trustee for the District of Delaware
    844 King Street, Suite 2207
    Lockbox 35
    Wilmington, Delaware 19801
    Attn: Juliet Sarkessian, Esq.

**Counsel to the Official Committee of Unsecured Creditors**

    Pachulski Stang Ziehl & Jones LLP
    919 N. Market Street, 17th Floor
    Wilmington, Delaware 19899
    Attn: Bruce Grohsgal, Esq. and Bradford J. Sandler, Esq.

**Counsel to [INSERT NAME]**

    Kirkland & Ellis LLP
    300 North LaSalle Street
    Chicago, Illinois 60654
    Attn: David L. Eaton , Esq. and James A. Stempel, Esq.

**Additional Parties**

1.     The counterparties, and their counsel (if known), affected by the Rejection Notice.

2.     Any other interested parties with respect to the [Lease/Contract].

# **EXHIBIT 2**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Böwe Systec, Inc., et al.,**[1] | ) | **Case No. 11-11187 (PJW)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | Re: Docket No. __ |

## ORDER, PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006, APPROVING THE REJECTION OF [LEASE/CONTRACT] BY AND BETWEEN [INSERT INFORMATION]

Pursuant to the *Order (A) Approving Purchase Agreement between the Debtors and the Highest and Best Bidder; (B) Authorizing Sale of Acquired Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (C) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith* [Docket No. ___] (the "Sale Order"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtor having properly filed and served a Rejection Notice[2] in accordance with the terms of the Sale Order in respect of the ]lease/contract] by and between [INSERT INFORMATION] (the "Lease/Contract"); and no timely objections have been filed to the rejection of such [Lease/Contract]; and due and proper notice of the Sale Order and Rejection Notice having been provided, and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor,

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Böwe Systec, Inc. (1423), Böwe Bell + Howell Holdings, Inc. (9926), BBH, Inc. (9928), Böwe Bell + Howell Company (0100), Böwe Bell + Howell Postal Systems Company (4944), BCC Software, Inc. (3481) and Böwe Bell + Howell International Ltd. (0001). The debtors' corporate offices are located at 760 S. Wolf Road, Wheeling, IL 60090.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Order.

RLF1 4058002v. 1

NOW, IT IS HEREBY ORDERED THAT:

1. The rejection of the [Lease/Contract] is hereby approved.

2. To the extent applicable, the Debtors hereby abandon any personal property remaining on the leased premises, including, but not limited to, the items identified on <u>Exhibit I</u> to the Rejection Notice. On or after the date the [Lease/Contract] is rejected, the landlord may dispose of all property remaining on the leased premises, including without limitation any abandoned property, without liability to any party. The right of the landlord to file a claim against the Debtors related to the disposal of any property remaining on the leased premises, including without limitation any abandoned personal property, is fully preserved.

3. If the affected landlord or counterparty or any other party in interest subject to this Order (the "<u>Rejection Claimant</u>") asserts a claim or claims against the Debtors arising from the rejection of the [Lease/Contract] herein or the abandonment of any personal property on the leased premises, such Rejection Claimant shall submit a proof of claim to BBH Bankruptcy Administration, c/o The Garden City Group, Inc., PO Box 9749, Dublin, OH 43017-5649 on or before the later of (i) the date that is 30 days after service of an order of this Court approving the rejection of the [Lease/Contract], or (ii) the bar date established by this Court for filing proofs of claim against the Debtors. If a Rejection Claimant does not timely file such proof of claim, such claimant may be forever barred from asserting a claim for such rejection damages.

4. The Debtors are authorized to take any action necessary to implement the terms of this Order and the rejection without further order from this Court.

5. The rejection of the [Lease/Contract] shall be effective on the later of (i) ten (10) days from the date the applicable Rejection Notice is served on the affected counterparty or landlord (notwithstanding any extension of the deadline for filing an objection to the Rejection

2

Notice pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure), or (ii) the date that the Debtors vacate the premises by notifying the affected landlord in writing of the Debtors' unequivocal surrender of the premises and turning over keys or "key codes" to the affected landlord, unless otherwise ordered by the Court.

6. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: _____, 2011
       Wilmington, Delaware

                                              THE HONORABLE PETER J. WALSH
                                              UNITED STATES BANKRUPTCY JUDGE